UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT. LAUDERDALE DIVISION

In re:                                                                  Case No.: 17-23651-SMG

FALLING LEAVES RECOVERY LLC,                  Chapter 7

    Debtor.
_____/

SONYA SALKIN, as Chapter 7 Trustee
for Falling Leaves Recovery, LLC

    Plaintiff,
                                                                        Adv. Pro. No.: 19-01086-SMG
vs.

MARK L. SHEPPARD,

    Defendant.
_____/

**PLAINTIFF SONYA SALKIN'S RESPONSE IN OPPOSITION TO
DEFENDANT MARK L. SHEPPARD'S MOTION FOR LEAVE
TO FILE AMENDED ANSWER AND AFFIRMATIVE DEFENSES**

    Plaintiff, Sonya Salkin the Chapter 7 trustee of the bankruptcy estate of Falling Laves, LLC (the "Trustee" or "Plaintiff"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 15(a)(2), hereby responds in opposition to *Defendant Mark L. Sheppard's Motion for Leave to File Amended Answer and Affirmative Defenses*, filed on April 1, 2020 ( ECF No. 56) ("Motion to Amend") and states as follows:

**PROCEDURAL BACKGROUND**

1.    On April 10, 2019 by the Chapter 7 Trustee commenced this case by filing her original Complaint (ECF No. 1).

2.    Plaintiff filed her *Amended* Complaint on October 15, 2019 (ECF No. 34) alleging two (2) counts against Defendant consisting of (I) Breach of Fiduciary Duty to Falling Leaves and (II) Breach of Fiduciary Duty to Falling Leaves' Creditors.

3. Defendant filed his Answer and Affirmative Defenses to Plaintiff's *Amended Complaint* on October 24, 2019 (ECF No. 35) ("Answer and Affirmative Defenses") generally denying the allegations contained in both counts and asserting the following thirteen (13) affirmative defenses:

   a. 1st Affirmative Defense – Business Judgment Rule (Nev. Rev. Stat. § 78.138)
   b. 2nd Affirmative Defense – Compliance with Operating Agreement
   c. 3rd Affirmative Defense – Lack of Causation
   d. 4th Affirmative Defense – Plaintiff Has No Standing
   e. 5th Affirmative Defense – Defendant's Reliance on Professionals
   f. 6th Affirmative Defense – *In Pari Delicto*
   g. 7th Affirmative Defense – Lack of Self-Interest
   h. 8th Affirmative Defense – Waiver
   i. 9th Affirmative Defense – Unclean Hands
   j. 10th Affirmative Defense – Estoppel
   k. 11th Affirmative Defense – No Unlawful Acts
   l. 12th Affirmative Defense – Nev. Rev. Stat. § 86.371
   m. 13th Affirmative Defense – No Damages.

4. On April 1, 2020, Defendant filed the Motion to Amend wherein Defendant seeks leave of Court to amend his Answer and Affirmative Defenses and assert two (2) additional affirmative defenses: (a) the One-Satisfaction Rule; and (b) Waiver.

5. Defendant maintains that Falling Leaves' creditors suffered no damages, or in the alternative that any damages suffered by Falling Leaves' creditors have been mitigated and/or recovered, and that Defendant apparently believes that he is not responsible for any damages suffered by Falling Leaves' creditors.

6. For the reasons set forth herein, Plaintiff respectfully requests that this Court deny Defendant's Motion for Leave to Amend.

**MEMORANDUM OF LAW**

7. Rule 8(c) of the Federal Rules of Civil Procedure states, "In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense, including: … estoppel …. and waiver."

8. Affirmative defenses are filed pursuant to Federal Rule of Civil Procedure 8(c). The Rule states in pertinent part that "a party shall set forth affirmatively accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud ... and any other matter constituting an avoidance or affirmative defense." See *Muschong v. Millennium Physician Group, LLC*, 2014 WL 3341142, *1 (M.D. Fla. July 8, 2014). "An affirmative defense is a defense which admits the essential facts of a complaint and sets up other facts in justification or avoidance. See *Meth Lab Cleanup, LLC v. Spaulding Decon, LLC*, 2015 WL 4496193, *7 (M.D. Fla. July 23, 2015) (citing *Losada v. Norwegian (Bahamas) Ltd.*, 296 F.R.D. 688, 690 (S.D. Fla.2013) (internal marks omitted)). "A defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense." *Id*. See also *In re Rawson Food Service, Inc.*, 846 F.2d 1343, 1349 (11th Cir.1988).

9. Rule 15 of the Federal Rules of Civil Procedure governs amendments to pleadings. Fed. R. Civ. P. 15. The Rule states that a party may amend its pleading once as a matter of course within 21 days after serving it, or if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a)(1). The Rule further states in all other cases a party may amend any such pleading only after obtaining written consent from the opposing party or through leave of the court. Fed. R. Civ. P. 15(a)(2). The rule declares that leave to amend "shall be freely given when justice so requires." *Id.*

10. Rule 15(a)(2) of the Federal Rules of Civil Procedure states that amendments to pleadings should generally be liberally granted; however, the Court may deny leave to amend when (1) the amendment would be prejudicial, (2) there has been bad faith or undue delay by the moving party; or (3) the amendment would be futile.

11. A court's discretion in deciding whether to grant or deny a motion to amend is not unlimited. See *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1110 (11th Cir. 1996) (citing *Espey v.

*Wainwright,* 734 F.2d 748 (11th Cir. 1984)). A district court should not allow a party to amend under Rule 15 if there exists a "substantial countervailing reason" for not doing so. See *In re Grayson,* 79 F.3d at 1110. Such "substantial countervailing reasons" include undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the opposing party. *Id.* (citing *Nolin v. Douglas Cnty.,* 903 F.2d 1546, 1550 (11th Cir. 1990)). A court may also properly deny leave to amend when an amendment would be futile. See *Hall v. United Ins. Co. of Am.,* 367 F.3d 1255, 1262-63 (11th Cir. 2004).

12. This adversary case has been pending for more than one (1) year. The parties have conducted and continue to conduct discovery. At the eleventh hour, Defendant now seeks to amend his Answer and Affirmative Defenses, which will only cause further delay in advancing this case that has already been pending for over one (1) year. Nonetheless, Defendant's proposed amendments would be futile and should not be permitted.

13. Defendant now alleges in his Proposed *Amended* Answer, and proposed amended 3rd, 4th, 6th and 9th Affirmative Defenses contained therein, that TCRG used Defendant's personal financial information without his permission to obtain a construction loan and that TCRG later sold the renovated premises for an $18 million profit. These facts, even if true, would not change the claims or defenses in this case.

14. Specifically, Defendant asserts in his proposed Fourteenth Affirmative Defense that creditor TCRG "made" a profit of $18 million as a result of Falling Leaves' breach of its lease, but nothing in Defendant's Motion for Leave to Amend establishes that Falling Leaves' breach of lease resulted in TCRG's profits gained from selling the property or how such sale would change the Defendant's liability for breach of fiduciary duty to the Debtor or its creditors. That is because there is no connection between the breach of lease and the sale of the premises, which are separate and unrelated events. Moreover, the claims that Plaintiff alleges against Defendant in this Adversary Proceeding are claims for beach of fiduciary duties, not a claim for breach of a lease.

As such, any profits TCRG, one of the Debtor's many creditors, gained from the sale of the property are distinct and separate from the damages incurred as a result of Defendant's alleged breaches of fiduciary duties, let alone Falling Leaves' breach of the TCRG lease.

15. Defendant also asserts in his proposed Fourteenth Affirmative Defense that any recovery in the instant case would violate the "one-satisfaction" rule under Texas law. The one-satisfaction rule provides that if the claimant settles "with one or more persons," the trial court shall "reduce the amount of damages to be recovered by the claimant with respect to a cause of action by the sum of the dollar amounts of all settlements." Tex. Civ. Prac. & Rem. Code § 33.012.

16. As explained by the Texas Supreme Court, "Under the one-satisfaction rule, a plaintiff is entitled to only one recovery for any damages suffered because of a particular injury." See *Utts v. Short*, 81 S.W.3d 822, 831-32 (Tex. 2002). "The rationale for the rule is that a plaintiff should not receive a windfall by recovering an amount that covers her entire damages when she has already been compensated in full or in part by settling defendants." See *Sky View at Las Palmas, LLC v. Mendez*, 555 S.W.3d 101, 107 (Tex. 2018); See *Elness Swenson Graham Architects, Inc. v. RLJ II-C Austin Air, LP*, 520 S.W.3d 145, 162-63 (Tex. App.—Austin 2017, pet. denied). "[W]hen a plaintiff files suit alleging that multiple tortfeasors are responsible for the plaintiff's injury, any settlements are to be credited against the amount for which the liable parties as a whole are found responsible, but which only the non-settling defendant remains in court." See *In re GreCon, Inc.*, 542 S.W.3d 774, 782 (Tex. App.—Houston [14th Dist.] 2018, orig. proceeding) (quoting *First Title Co. of Waco v. Garrett*, 860 S.W.2d 74, 78 (Tex. 1993). "[T]he plaintiff should not receive a windfall by recovering an amount in court that covers the plaintiff's entire damages, but to which a settling defendant has already partially contributed." See *Sky View at Las Palmas, LLC v. Mendez*, 555 S.W.3d 101, 107 (Tex. 2018) (quoting *Garrett*, 860 S.W.2d at 78).

17. In the instant case, Defendant's proposed defense of the one-satisfaction rule does not apply to the present matter because any profits realized from the sale of the premises were not paid by Defendant (or any other liable party) in connection to any sort of settlement or damages *caused to the Debtor's estate by the Defendant's breach of fiduciary duties*. The alleged profits received by TCRG are totally unrelated to any recovery liability to the Plaintiff suffered as a result of Defendant's breaches of his fiduciary duties to Falling Leaves or its creditors. As such, the one-satisfaction rule is inapplicable and permitting Plaintiff to amend his Answer to include the defense would be entirely futile.

18. Furthermore, even if the one-satisfaction rule did somehow apply the Debtor still has substantial exposure to TCRG under 11 U.S.C. § 502(b)(6) for termination of the lease. In other words, even if TCRG did satisfy its claim by such alleged sale of the premises, the landlord's claim for damages under 11 U.S.C. § 502(b)(6) is not reduced by the amount that the landlord receives from any mitigation efforts by the landlord. See *In re Community Health Net*, 333 B.R. 308, 309-310 (Bankr. W.D. Pa. 2005) (quoting *In re PPI Enterprises (U.S.), Inc.*, 324 F.3d 197, 208, fn. 17 (3d Cir.2003) citing *5th Ave. Jewelers, Inc. v. Great East Mall, Inc.*, 203 B.R. 372, 381 (Bankr.W.D.Pa.1996); also citing *In re Atl. Container Corp.*, 133 B.R. 980, 990 (Bankr. N.D. Ill. 1991)).

19. Defendant asserts the defense of waiver in his proposed Fifteenth Affirmative Defense and alleges that any claims the estate had against Defendant have been waived. Specifically, Defendant now alleges that the Trustee's election not to prosecute the debtor's appeal of the denial of its application for business licenses and permits somehow waived Plaintiff's claims against Defendant in the instant adversary proceeding.

20. The basis underlying Defendant's waiver defense argument is, at best, disingenuous. "To establish a waiver defense, a party must bring forth proof of an intent to relinquish a known right." See *Amer. Hist. Racing Motorcycle v. Team Obsol. Prom.*, 33 F.Supp.2d

6

1000, 1007 (M.D. Fla. 1998). Here, Defendant   The record is established that by the time Debtor filed this bankruptcy case, it was already completely out of cash, removed from its business premises, was not operating, did not have employees, was evicted, and lost all of its equipment, furnishings and property to its landlord.  Moreover, the entire time the Debtor was in a Chapter 11 case (with the Defendant serving as the Debtor's manager), the Debtor did nothing to revive its business or prosecute the appeal of Miami Gardens' decision to deny Falling Leaves a business license. Alleging that the Trustee has waived anything by dismissing an appeal that was helpless and would never have saved the Debtor smacks of bad faith.  The Defense of waiver is wholly inapplicable here.

21. As such, Defendant's proposed amendment to include the defense of waiver would be futile and therefore the Court should deny the Motion to Amend.

22. In sum, nothing in Defendant's Motion to Amend should be denied because the new defenses of the One-Satisfaction Rule and Waiver are futile and untimely.

WHEREFORE, Plaintiff respectfully requests that this Court deny Defendant's Motion for Leave to Amend its Answer and Affirmative Defenses (ECF No. 56) and for such other or further relief that is just and proper.

Dated: May 11, 2020

Respectfully Submitted,

EDELBOIM LIEBERMAN REVAH OSHINSKY PLLC
*Special Counsel to the Chapter 7 Trustee*
Beacon Tower of Aventura
20200 W. Dixie Hwy, Suite 905
Miami, Florida 33180
Telephone: (305) 768-9909
Facsimile: (305) 928-1114
Email: morgan@elrolaw.com
Email: vivian@elrolaw.com

By: */s/ Morgan B. Edelboim*
Morgan B. Edelboim (FBN 040955)
Vivian Bauza (FBN 90885)

7

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on May 11, 2020 via email on Defendant's counsel: steven.fender@fender-law.com and lm910@aol.com and via CM/ECF upon all parties registered to receive electronic notice in the above captioned case

By: */s/ Morgan B. Edelboim*
Morgan B. Edelboim, Esq. (FBN 040955)